## Union Central Life Insurance Co. v. Kimble's Admr, et al.

(Decided Sept. 30, 1910.)

### Appeal from Hickman Circuit Court.

Lien Notes—Premature Action Thereon.—Appellant insurance company in 1900 loaned to Muscovalley $3,500.00 for which M. executed his note payable in ten years with interest payable annually Nov. 1, evidenced by coupon notes, each for one year's interest secured by mortgage on 500 acres of land. M. sold 100 acres of the land to Mrs. K. and as part payment she assumed the payment of the mortgage note. In 1909 Mrs. K. died testate, devising $6,000.00 to her daughter and the balance of her estate to her son George. In an action by appellant against the administrator and devisees of Mrs. K. to collect the interest, held that it does not appear from the pleadings, in either the original or amended petition that default has been made in the payment of the principal debt or any installment of interest; that appellant was not entitled to collect its debt and interest until either the one or the other or both become due. This action, however, will not bar appellant's right when default is made in the payment either of principal or interest as provided for in the mortgage and note, to make proper proof of the claim and demand of the administrator and to sue thereon in case payment is refused. Judgment affirmed.

D. JOHNSON for appellant.

ROBBINS & THOMAS and J. W. BENNETT for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, Union Central Life Insurance Company, on February 2d, 1901, loaned to William Muscovalley the sum of $3,500. Thereupon Muscovalley executed his note to appellant for said sum, payable ten years from date, with interest at six per cent per annum, payable annually on November 1st each year thereafter. Said payments of interest were evidenced by coupon notes,

each being for one year's interest. The note was secured by a mortgage on 500 acres of land. The mortgage provided that, in case the mortgagor made default in the payment of the principal or any installment of interest, the whole indebtedness should become due.

On October 26th, 1907, said William Muscovalley sold and conveyed 100 acres of the land to Mrs. Jane P. Kimble. As part of the purchase price for said 100 acres, Mrs. Kimble assumed the payment of the indebtedness represented by the note and secured by the mortgage.

In the year 1909 Mrs. Kimble died, testate, and her son, George L. Kimble, one of the appellees in this action, qualified as her administrator with the will annexed. By the will in question the testatrix devised $6,000.00 to her daughter-in-law, Maggie Kate Kimble, and her children by Junius P. Kimble, and the balance of her estate to her son, George L. Kimble, who qualified as the said administrator.

Appellant instituted this action against the administrator and devisees under the will and the makers of the original note and mortgage. In addition to the foregoing facts, which appear in the petition, the petition alleges that all of the interest due upon the note in question had been paid up until the first day of November, 1909, and that there had been paid upon the principal the sum of $2,100, leaving a balance of $1,400.00 with interest thereon from November 1st, 1909; that since the death of Jane P. Kimble and the qualification of George L. Kimble as her administrator, appellant has repeatedly offered said administrator the proof of indebtedness required by the statutes of Kentucky, and that it then tendered and offered such proof, but that said administrator had refused to accept the same and acknowledge appellant's claim as an indebtedness against said decedent's estate. Accompanying the petition are the mortgage and note in question, a copy of Mrs. Kimble's will, a copy of the order and appointment of George L. Kimble as administrator; also a copy of appellant's proof of claim against the estate of Mrs. Kimble. The petition concludes with a prayer that the balance of appellant's debt under said note be adjudged a valid and preferential claim against the estate of Jane P. Kimble, deceased, and that to secure the same it be adjudged that it has a lien upon the land described in said mortgage and upon the part of same

conveyed by William Muscovalley to Jane P. Kimble, and also upon the whole estate of Jane P. Kimble. Appellant further asked that the administrator be ordered and directed to pay its debt and interest thereon as the same might become due and payable according to the terms of said principal note and the coupons thereto attached. Thereafter appellant amended its petition and alleged that, since the appointment and qualification of George L. Kimble as administrator, it had offered to him proof of its claim as required by the statutes of Kentucky, and that he had failed to pay or offer to pay any part of said claim. To the petition and amended petition a demurrer was interposed. Upon consideration, the demurrer was sustained and the petition and amended petition dismissed. From that judgment this appeal is prosecuted.

It does not appear from either the original or amended petition that default has been made in the payment of either the principal debt or any installment of interest. On the contrary, it would appear that the purpose of this action was to have the court fix appellant's rights against the decedent's estate before any part of the debt or interest became due. Indeed, appellant asked that the administrator be required to pay its debt and interest thereon as the same might become due and payable. The trial court could not have entered such a judgment against her administrator any more than it could have entered it against Mrs. Kimble in her lifetime. Appellant was not entitled to collect its debt and interest until either the one or the other, or both, became due. It is manifest, therefore, that this action was prematurely brought and that the court properly sustained the demurrer to the petition and amended petition. This action, however, will not bar appellant's right when default is made in the payment either of principal or interest, as provided for in the mortgage and note, to make proper proof of the claim and demand of the administrator, and to sue on the mortgage and note in case payment is refused.

Judgment affirmed.